944 F.2d 909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
The DOOR STORE, INC., Plaintiff/Appellant,
v.
CITY OF TACOMA, Defendant/Appellee,
 No. 90-35213.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 12, 1991.
Decided Sept. 17, 1991.
 
 Before EUGENE A. WRIGHT, FARRIS and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The Door Store appeals a summary judgment in favor of the City of Tacoma in the Store's action to enjoin enforcement of an ordinance regulating signs. The Store argues that the ordinance as applied violated: (1) the First Amendment; (2) Article I, Section 5, of the Washington State Constitution; and (3) Equal Protection. The Store also claims that: (4) denial of a waiver violated substantive due process; and (5) the finding that the signboard was abandoned was arbitrary and capricious. We affirm.
 
 
 3
 Whether a statute regulating commercial speech satisfies the First Amendment is determined by considering the following factors: (1) whether the speech concerns lawful activity and is not misleading, (2) whether the regulation seeks to further a substantial government interest and advances that interest, and (3) whether the regulation is more extensive than necessary to serve the interest asserted. Central Hudson Gas & Electric Co. v. Public Service Comm'n., 447 U.S. 557, 564 (1980).
 
 
 4
 The Store's contention that the city's interest in enhancing the aesthetics of the shoreline district is not advanced and is more extensive than necessary is meritless. The record contains substantial evidence that the regulation advances the government interest. We can not find, on this record, that the government's interest would be served as well by a more limited restriction on speech. Central Hudson, 447 U.S. at 570; Supersign of Boca Raton v. City of Fort Lauderdale, 766 F.2d 1528, 1530 (11th Cir.1985) (upholding ordinance prohibiting operation of certain advertising watercraft). That the Store's first application for a waiver was denied does not render the ordinance unconstitutional.
 
 
 5
 Article I, section 5, of the Washington State Constitution provides that "Every person may freely speak, write and publish on all subjects, being responsible for the abuse of that right." The Store has cited no authority for the proposition that the ordinance is unconstitutional under state law. The ordinance is the least restrictive means of furthering the city's objective. See D.C.R. Entertainment v. Pierce County, 55 Wash.App. 505, 778 P.2d 1060, 1065 n. 2 (1989) (restraint on protected expression must be no greater than is essential to further governmental interest).
 
 
 6
 The Store argues that the sign ordinance violates equal protection because it favors business-owners outside the district, and owners of preexisting nonconforming signs. The argument is meritless. Because the ordinance does not discriminate on the basis of any suspect or semi-suspect class, it is subject to the rational basis test. The city has met its burden of showing that the " 'classification scheme is rationally related to a legitimate state interest.' " Southern Pacific v. City of Los Angeles, 922 F.2d 498, 507 (9th Cir.1990) (upholding zoning ordinance that limited use of abandoned railroad rights-of-way for surface parking only) (quoting Pennell v. San Jose, 485 U.S. 1, 14 (1987)). Allowing certain preexisting nonconforming uses to continue pursuant to a zoning scheme does not violate equal protection. Northend Cinema, Inc. v. City of Seattle, 90 Wash.2d 709, 585 P.2d 1153, 1159-60 (1978), cert. denied, 491 U.S. 946 (1979) (equal protection analysis did not apply to calculation of reasonable termination period).
 
 
 7
 The Store argues that the denial of a waiver and the finding that one signboard was abandoned and therefore ineligible for grandfathering were arbitrary and capricious and therefore violated substantive due process. See Dorfmont v. Brown, 913 P.2d 1399, 1402 (9th Cir.1990) (citing Sinaloa Lake Owners Ass'n v. City of Simi Valley, 882 F.2d 1398, 1407 (9th Cir.1989), cert. denied, 110 S.Ct. 1317 (1990)), cert. denied, 111 S.Ct. 1104 (1991). The city denied the waiver because: (1) the adjacent land use did not render the regulation unreasonable or unnecessary, (2) waiver would constitute grant of a special privilege not enjoyed by other properties in the area, and (3) waiver would adversely affect the intended character of the shoreline district. The record reflects factual support for these findings and for the finding that the signboard at issue had been unused for over two years. There was no violation of the Store's due process rights.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3